# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALGIE MOORE,<br><br>  Petitioner,<br><br>  v.<br><br>PAUL COPENHAVER,<br><br>  Respondent. | Case No. 1:14-cv-00785-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges the validity of his 2003 sentence imposed following his conviction in the United States District Court for the Middle District of Florida for violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He states he appealed to the Eleventh Circuit Court of Appeals and the appeal was denied. On June 1, 2005, he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court claiming that one of his drug convictions was invalid based on the language of the superseding indictment and that he received ineffective assistance of counsel at trial and at sentencing. On August 5, 2008, the § 2255 motion was denied. He then filed a motion for

1

1  certificate of appealability in the Eleventh Circuit but the motion was denied.  Petitioner then
2  filed a motion pursuant to 18 U.S.C. § 3582 in the sentencing court seeking a sentence reduction
3  via retroactive application of an amendment to the sentencing guidelines.  The motion was
4  denied.  On August 22, 2011, he filed a § 2241 petition in the sentencing court claiming, as he
5  does here, that the career offender enhancement was erroneous based on the Supreme Court
6  decision in Johnson v. United States, 559 U.S. 133 (2010).  The petition was denied without
7  prejudice.

8  Petitioner filed the instant petition for writ of habeas corpus on May 22, 2014.  He claims
9  that due to the Supreme Court's recent statutory interpretation of what constitutes a prior
10 conviction under the Armed Career Criminal Act, he is now sentenced above the statutory
11 maximum allowed by law.

**II.**

**DISCUSSION**

14 A federal prisoner who wishes to challenge the validity or constitutionality of his federal
15 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
16 under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also
17 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007);
18 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd
19 Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the
20 sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally
21 attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant
22 to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843
23 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

24 In contrast, a prisoner challenging the manner, location, or conditions of that sentence's
25 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district
26 where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d
27 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir.
28 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37

1 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

As Petitioner acknowledges, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence as imposed by the United States District Court for the Middle District of Florida, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Middle District of Florida, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues he should be

1  allowed to pass through the savings clause because he has already filed a § 2255 motion in the
2  sentencing court on different grounds and it was denied.  The argument is unavailing.  As noted
3  above, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely
4  because the remedy under that section is procedurally barred.  <u>Aronson</u>, 85 S.Ct. at 5.  In
5  addition, the Court notes that Petitioner does not state that he has sought permission in the
6  Eleventh Circuit to file a second § 2255 motion in the sentencing court.   It is possible this
7  avenue for relief remains open.  According to Petitioner, his only attempt to vindicate his claims
8  has been by way of a § 2241 petition/motion in the sentencing court, and that petition/motion
9  was denied *without prejudice*.  Therefore, Petitioner fails to demonstrate that he has not had an
10 unobstructed procedural opportunity to present his claims in the sentencing court.

11         Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings
12 clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence."
13 In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause
14 is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United
15 States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898.  In <u>Bousley</u>, the Supreme Court
16 explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all
17 the evidence, it is more likely than not that no reasonable juror would have convicted him."
18 <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted).  Petitioner bears the burden of
19 proof on this issue by a preponderance of the evidence, and he must show not just that the
20 evidence against him was weak, but that it was so weak that "no reasonable juror" would have
21 convicted him.  <u>Lorentsen</u>, 223 F.3d at 954.  In this case, Petitioner does not assert that he is
22 factually innocent of the crime for which he was convicted.  Rather, he takes issue with his
23 sentence.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of
24 the crime for which he has been convicted, not the sentence imposed.  See <u>Ivy</u>, 328 F.3d at 1060;
25 <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege
26 that he is "'actually innocent' of the crime of conviction"); <u>Edwards v. Daniels</u>, 2006 U.S. Dist.
27 LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually
28 innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255

1  because he must allege that he is 'legally innocent of the crime for which he has been convicted,'
2  not the sentence imposed."), *adopted by* Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356,
3  2007 WL 608115 (D.Or.2007).  Therefore, the instant § 2241 petition does not fit within the
4  exception to the general bar against using Section 2241 to collaterally attack a conviction or
5  sentence imposed by a federal court.  See Lorentsen, 223 F.3d at 954 (declining to decide
6  whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not
7  available under Section 2255 because the petitioner had not shown actual innocence); see also
8  Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of
9  not having had an "unobstructed procedural shot" at presenting his instructional error claim
10 under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the
11 actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the
12 escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the
13 escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2)
14 has not had an unobstructed procedural shot at presenting that claim.'").

15       Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255
16 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the
17 proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of
18 jurisdiction.

### III.

### RECOMMENDATION

21       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
22 corpus be DISMISSED with prejudice for lack of jurisdiction.

23       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
24 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
25 and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District
26 of California.

27       Within thirty (30) days after being served with a copy, Petitioner may file written
28 objections with the Court.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2014**

UNITED STATES MAGISTRATE JUDGE